*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DORIS KENNARD,

        Plaintiff-Appellant,

v

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant-Appellee.

FOR PUBLICATION
March 3, 2022
9:10 a.m.

No. 355462
Wayne Circuit Court
LC No. 18-014947-NF

Before: JANSEN, P.J., and CAMERON and RICK, JJ.

CAMERON, J.

Plaintiff Doris Kennard appeals the trial court's order granting summary disposition in favor of defendant Liberty Mutual Insurance Company under MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. BACKGROUND

This case arises from a November 2017 motor vehicle accident and subsequent dispute regarding plaintiff's automobile insurance coverage. Before the accident, plaintiff obtained an automobile insurance policy from defendant, and the policy reflected that plaintiff's mailing address was in Maryland and that she had a Maryland driver's license. According to plaintiff, she "moved from Maryland to Michigan on or about October 2, 2017" and informed defendant's representative "[a]round that time" that she was "moving to Michigan. . . ." Plaintiff provided defendant with her mother's address in Van Buren Township.

In November 2017, plaintiff was involved in a motor vehicle accident in Ohio. Plaintiff filed a claim for benefits under her policy with defendant. Consistent with the policy, defendant paid plaintiff the $2,500 policy limit. Plaintiff sued defendant, alleging that defendant had failed to pay plaintiff personal injury protection (PIP) benefits under the policy and in accordance with the Michigan No-Fault Act, MCL 500.3101 *et seq*.

Defendant moved for summary disposition under MCR 2.116(C)(10), arguing in relevant part that the Maryland insurance policy did not provide PIP benefits beyond the policy limit and that defendant was not required to comply with the Michigan No-Fault Act because plaintiff was

not a Michigan resident. Plaintiff argued that she had informed defendant that she had moved to Michigan before the motor vehicle accident and that she believed that her Maryland policy was a Michigan no-fault policy at the time of the accident. The trial court granted summary disposition in favor of defendant, concluding that plaintiff had "a Maryland policy" at the time of the accident. This appeal followed.

## II. ANALYSIS

Plaintiff argues that the trial court erred in granting summary disposition in favor of defendant. We disagree.

A trial court's decision regarding a motion for summary disposition is reviewed de novo. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

> A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim. When considering such a motion, a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact. A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019) (quotation marks, citations, and emphasis omitted).]

Plaintiff argues that she is entitled to have the Maryland policy reformed to comply with the requirements of Michigan's No-Fault Act under MCL 500.3012, which governs the issuance of a noncomplying insurance policy. MCL 500.3012 provides, in relevant part, as follows:

> Such a liability insurance policy *issued* in violation of [MCL 500.3004 through MCL 500.3012 of the No-Fault Act] shall, nevertheless, be held valid but be deemed to include the provisions required by such sections, and when any provision in such policy or rider is in conflict with the provisions required to be contained by such sections, the rights, duties and obligations of the insured, the policyholder and the injured person shall be governed by the provisions of such sections. [Emphasis added.]

In *Farm Bureau Ins Co v Allstate Ins Co*, 233 Mich App 38, 41; 592 NW2d 395 (1998), this Court explained that "it is evident that the basic purpose of [MCL 500.3012] is to treat an insurance policy *that an insurer issues* purporting to be a Michigan policy that complies with Michigan law as such even if the written terms of the policy are inconsistent with Michigan law." (Emphasis added; emphasis omitted.) However, an out-of-state insurer is not required to provide Michigan no-fault coverage if the policy is issued to a person "who provides no indication to the insurer of being a Michigan resident. . . ." *Id*. at 42-43. If the out-of-state insurer does not know and has no reason to know that it is "dealing with a Michigan resident," the policy will not be construed to contain the missing provisions of the No-Fault Act. See *id*. at 41-44.

In *Farm Bureau*, Allstate issued an Indiana automobile insurance policy to a person who provided the insurer with an Indiana address, even though she was actually domiciled in Michigan. *Id*. at 40, 43. This Court held that Allstate was not required to provide no-fault benefits under the policy pursuant to MCL 500.3012 because "Allstate could not reasonably have been expected to have known when the policy was issued that its insured was actually a Michigan resident." *Id*. at 43. The Court noted that the insured provided the insurance company with an Indiana address for the insurance transaction and that, at the time the policy was issued, there was no other evidence "from which one may reasonably determine that Allstate should have known that [the insured] was a Michigan resident." *Id*. at 41, 43.

The question in *State Farm* was whether the insurer knew or had reason to know that it was "dealing with a Michigan resident" at the time the policy was issued. If an insurer had such knowledge but nevertheless issued an out-of-state policy to a Michigan resident, we construed MCL 500.3012 to permit a trial court to reform the out-of-state policy to include the missing Michigan PIP benefits.

The issue in this case is very different from the issue resolved by *State Farm*. In this case, there is no dispute that defendant properly issued a Maryland policy to plaintiff, who was a Maryland resident at the time the time policy was issued. Plaintiff's argument on appeal is that she informed defendant during the policy year that she was moving to Michigan and that she believed that the information she had provided converted her out-of-state policy to a Michigan policy. Although plaintiff presented an affidavit to support that she moved to Michigan "on or about October 2, 2017" and that she informed defendant "[a]round that same time" that she "was moving to Michigan,"[1] there is no evidence that defendant issued another policy that purported to be a Michigan policy. Indeed, plaintiff provided the Maryland insurance policy to law enforcement after the November 2017 accident. Because there is no evidence that defendant knew or should have known that it was issuing a policy to a Michigan resident, neither MCL 500.3012 nor this Court's opinion in *Farm Bureau* support that plaintiff is entitled to relief.[2] Consequently,

---

[1] A close reading of plaintiff's affidavit reveals that she moved to Michigan "on or about October 2, 2017" and that "[a]round that same time," she informed defendant's representative that she "was moving to Michigan. . . ." This language suggests that defendant was only aware that plaintiff intended to move to Michigan at some undisclosed point in the future. Indeed, at the time of the accident, plaintiff's vehicle was registered in Maryland and plaintiff had a Maryland driver's license. Evidence also supports that plaintiff had a home in Maryland.

[2] Plaintiff also cites *Gordon v Geico Gen Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued March 20, 2012 (Docket No. 301431). However, unpublished opinions are not binding, and *Gordon* is not persuasive because the facts in *Gordon* are distinguishable from the facts in this case. See *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017) ("Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value.").

even when viewing the evidence in a light most favorable to plaintiff, we conclude that the trial court did not err by granting summary disposition in favor of defendant.[3]

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Michelle M. Rick

---

[3] Based on this holding, we need not consider defendant's alternative argument that plaintiff is barred from recovering PIP benefits under MCL 500.3113.